FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY 27 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————x

JESUS AYALA,

                *Plaintiff*,

- against -

CHRISTOPHER RIZZO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT; EDWARD VEGA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT; JOHN/JANE DOES 1-10, POLICE OFFICERS AND NON-UNIFORMED EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, THE IDENTITY AND NUMBER OF WHOM ARE PRESENTLY UNKNOWN; RICHARD ROES 1-10, SUPERVISORY POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, THE IDENTITY AND NUMBER OF WHOM ARE PRESENTLY UNKNOWN; THE NEW YORK CITY POLICE DEPARTMENT (NYPD); AND THE CITY OF NEW YORK,

                *Defendants*.

———————————————————x

**COMPLAINT AND JURY DEMAND**

**CV 11-2586**

**WEINSTEIN, J.**

**REYES, M.J**

## NATURE OF ACTION

1.    This is an action to recover money damages for the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Also raised are supplemental claims under the laws of the State of New York.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth

1

Amendments to the United States Constitution.

3. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 42 U.S.C. §§ 1983 and 1988.

4. Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any and all State law claims that are part of the same case or controversy giving rise to the federal claims and share the same nucleus of operative facts as the federal claims.

5. Venue is proper in the United States District Court for the Eastern District of New York because the claims arose, and Plaintiff resides, in this district. 28 U.S.C. §§ 1391(a)-(c) and 1402(b).

## CONDITION PRECEDENT TO SUPPLEMENTAL STATE CLAIMS

6. Plaintiff has complied with all conditions precedent to the commencement of the supplemental state claims, having timely served on or about August 26, 2010, a notice of claim upon the Defendant CITY OF NEW YORK pursuant to Section 50(e) of the New York General Municipal Law; more than 30 days has elapsed since said service without payment or adjustment; having had a hearing pursuant to Section 50(h) of the New York General Municipal Law on November 18, 2010; and having brought this action in a timely manner.

## PARTIES

7. Plaintiff JESUS AYALA is, and was at all times relevant to this action, a resident of the County of Queens, in the City and State of New York.

8. Defendant CITY OF NEW YORK ("CITY") is and was at all times relevant herein a municipal corporation existing under and by virtue of the laws of the State of New York, and having the powers and duties imposed by law thereon, situated in the Eastern District of New York.

9. At all times relevant to this action, defendant CITY, by its agents, servants, and

employees was responsible for the operation, maintenance, and control of defendant NEW YORK CITY POLICE DEPARTMENT (NYPD), and the selection, training, supervision, evaluation, and disciplining of police officers and other NYPD employees.

10. Defendant CHRISTOPHER RIZZO is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. Defendant RIZZO is being sued in his individual capacity and in his official capacity as a police officer of the NYPD.

11. Defendant EDWARD VEGA is, and was at all times relevant herein, a duly appointed agent, employee, officer, and servant of the NYPD. Defendant VEGA is being sued in his individual capacity and in his official capacity as a police officer of the NYPD.

12. All JOHN/JANE DOE Defendants ("DOE defendants") are, and were at all relevant times herein, officers, employees, and agents of the NYPD. All DOE defendants actively participated, directly or indirectly, in the unlawful arrest, assault and battery of Plaintiff on May 28, 2010 and subsequent malicious prosecution of Plaintiff. All DOE defendants are being sued in their individual and official capacities.

13. All RICHARD ROE Defendants ("ROE defendants") are, and were at all relevant times herein, supervisory officers, employees and agents of the NYPD. All ROE defendants actively participated, directly or indirectly, in the unlawful arrest, assault and battery of Plaintiff on May 28, 2010 and subsequent malicious prosecution of Plaintiff. All ROE defendants are being sued in their individual and official capacities.

14. At all relevant times herein, the above-named and unnamed individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein,

defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

15. At all relevant times herein, defendants acted jointly and in concert with each other. Each defendant had the duty and the opportunity to protect Plaintiff from the unlawful actions of the other defendants, but each defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

## STATEMENT OF FACTS

16. On the evening of Friday May 28, 2010, at approximately 10:30 p.m., Plaintiff stopped at a Chase Bank at the corner of Union Turnpike and Utopia Parkway, in the Fresh Meadows neighborhood of Queens County, New York, with the purpose of making a withdrawal from the ATM located inside the bank's vestibule. He had worked late, picked up Chinese food take-out, and thereafter stopped at the ATM on his way home.

17. That night, Plaintiff was driving his girlfriend's car, a well-maintained 2004 Toyota Corrolla.

18. Plaintiff parked the car on Union Turnpike in a bus stop located in front of the bank's entrance, turned the engine off, turned on the vehicle's flashing hazard lights, and proceeded inside the bank vestibule to the ATM.

19. While conducting his transaction at the ATM, Plaintiff saw a marked NYPD patrol car very close to his car. Plaintiff saw a uniformed NYPD police officer beside Plaintiff's vehicle, and it appeared that the officer was writing Plaintiff a ticket.

20. Plaintiff cancelled his ATM transaction, exited the bank, and approached the police officer, later identified as defendant EDWARD VEGA. Plaintiff explained that it was his vehicle, that he would move it immediately, and asked VEGA to not write him a ticket. The officer refused

and continued to write the ticket.

21. Plaintiff observed that the NYPD patrol car was very close to his vehicle, and appeared to be touching it. The patrol car was parked in front of Plaintiff's vehicle, at an angle, and it appeared to Plaintiff that the front passenger-side corner of the police vehicle was touching the bumper of Plaintiff's vehicle on the front driver's-side.

22. Plaintiff got into his vehicle and turned on the engine. Officer VEGA did not say or do anything at that time in response to these actions by Plaintiff.

23. Plaintiff slowly backed his vehicle up a short distance, approximately three feet, so the cars would no longer be touching, and then stopped his vehicle and placed it in park.

24. At that time, VEGA ran around to the driver's side of Plaintiff's vehicle, opened the driver's side door, and in an aggressive tone of voice, and using various curses and invectives, accused Plaintiff of attempting to leave the scene.

25. Plaintiff attempted to explain to VEGA that he was not trying to leave, but rather was moving his vehicle back so that the cars would no longer be touching.

26. VEGA continued to curse at Plaintiff in an assaultive manner and accuse him of lying and trying to leave the scene.

27. VEGA then placed his hand on his firearm, and ordered Plaintiff to provide his driver's license.

28. Plaintiff complied with the officer's order and provided his license. VEGA took Plaintiff's license, entered the police vehicle, and backed the police vehicle up behind Plaintiff's vehicle.

29. Plaintiff then exited his car and reentered the bank vestibule to conduct his ATM transaction.

30. Plaintiff exited the bank and observed that a second police car and two additional police officers had arrived on the scene. One of these officers was defendant CHRISTOPHER RIZZO and the other was a female officer whose identity is presently unknown.

31. Plaintiff approached the driver's door of his vehicle. VEGA then approached Plaintiff. VEGA shoved Plaintiff, causing Plaintiff to stumble. While attempting to steady himself, Plaintiff brushed against VEGA.

32. At that point, VEGA and RIZZO threw Plaintiff to the ground and began to punch, kick, and beat him. The officers handcuffed Plaintiff, and then continued to physically assault him as he lay on the ground in handcuffs.

33. Plaintiff had been wearing glasses, and his glasses were knocked from his face and broken during the assault.

34. During and after the assault, defendant RIZZO repeatedly cursed at Plaintiff and verbally threatened Plaintiff that he would be beaten more viciously when they arrived at the precinct.

35. Additional police cars and police officers, the exact number and identities of whom are presently unknown, arrived during this time.

36. It is not presently known whether additional officers besides VEGA and RIZZO participated in the physical assault and beating of Plaintiff.

37. Plaintiff was eventually pulled from the ground, placed in a police car, and driven to the 107th Precinct, located in the Flushing neighborhood of Queens County.

38. Defendant RIZZO drove Plaintiff's vehicle, and followed behind the police car in which Plaintiff was driven. Plaintiff heard RIZZO state that he, RIZZO, intended to damage Plaintiff's car.

39. At the precinct, Plaintiff was placed in a holding cell. He was verbally harassed and threatened by other police officers, the identities of whom are presently unknown.

40. Plaintiff was bleeding from a large cut on the side of his face, had numerous bruises and scrapes, and pain in his face, head, back, ribs, wrist, and hand.

41. An Emergency Medical Technician (EMT) arrived and asked Plaintiff if he wanted to go to the hospital. Plaintiff responded that he did. The EMT left the room.

42. A police officer, the identity of whom is presently unknown, who was present near the holding cell, stated to Plaintiff that the officer "guaranteed" that if Plaintiff went to the hospital, Plaintiff would be handcuffed to a bed and "shitting in [his] pants" for "three days."

43. When the EMT returned, Plaintiff stated that he changed his mind and did not wish to go to the hospital.

44. Several officers, the identities of whom are presently unknown, prepared to transport Plaintiff from the precinct to Central Booking. One of these officers expressed concern about the injury to Plaintiff's face. Plaintiff was given a bandage for his face. He was then taken to Central Booking, where he remained for approximately 20 hours.

45. Plaintiff finally went before a judge in the evening on Saturday, May 29, 2010, and was released on his own recognizance.

46. Plaintiff continued to experience great pain and went to the hospital after being released from the courthouse.

47. A computed tomography (CT) scan taken at the hospital showed that Plaintiff had sustained multiple fractures to his head and face, including his nose and left orbital bone. He also had bruising to the bone of his left index finger, and several ribs on his left side.

48. The vehicle that Plaintiff was driving on May 28, 2010, sustained significant damage

during the time it was in the custody of the police, including numerous dents, scratches, and damage to the driver's side rear-view mirror.

49. Plaintiff was charged with two counts of Assault in the Second Degree, N.Y. Penal Law § 120.05(3) (causing physical injury to a police officer); two counts of Assault in the Third Degree, N.Y. Penal Law § 120.00(1) (causing physical injury to a person); Obstructing Governmental Administration in the Second Degree, N.Y. Penal Law § 195.05; Resisting Arrest, N.Y. Penal Law § 205.30; and Disorderly Conduct, N.Y. Penal Law § 240.20(1).

50. Plaintiff was charged with the above offenses in New York City Criminal Court Docket Number 2010QN033046, based on the sworn deposition of defendant RIZZO.

51. Plaintiff had to retain counsel and return to court multiple times to defend against these charges.

52. The prosecution terminated favorably to Plaintiff, in that the case was dismissed by the Grand Jury on September 29, 2010.

53. As a direct and proximate result of defendants' actions, Plaintiff suffered injuries and damages, including:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution; and

    b. Violation of various state torts; and

    c. Physical injury, pain and suffering and emotional pain and suffering; and

    d. Monetary damages in the form of medical expenses, legal expenses, lost wages due to time missed from work, and damage to Plaintiff's property.

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 1983 False Arrest and False Imprisonment)

54. Plaintiff repeats and realleges paragraphs 1 through 53 as if fully set forth herein.

55. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants, acting in concert and within the scope of their authority and under color of state law, committed the tort of false arrest and false imprisonment, in that defendants intentionally arrested and caused Plaintiff to be imprisoned without probable cause, with his knowledge and without his consent, in violation of his rights to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of the laws of the State of New York.

56. Plaintiff asserts this claim against defendant VEGA, defendant RIZZO, the DOE defendants and the ROE defendants.

## SECOND CLAIM FOR RELIEF

### (42 U.S.C. § 1983 Excessive Force)

57. Plaintiff repeats and realleges paragraphs 1 through 56 as if fully set forth herein.

58. Defendants VEGA, RIZZO, the DOE defendants, and the ROE defendants, acting in concert and within the scope of their authority and under color of state law, used objectively unreasonable and excessive force in effecting Plaintiff's arrest and committed the torts of assault and battery, in violation of Plaintiff's rights to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

59. Plaintiff asserts this claim against defendant VEGA, defendant RIZZO, the DOE defendants and the ROE defendants.

## THIRD CLAIM FOR RELIEF

### (42 U.S.C. § 1983 Malicious Prosecution)

60. Plaintiff repeats and realleges paragraphs 1 through 59 as if fully set forth herein.

61. Defendants VEGA, RIZZO, the DOE defendants, and the ROE defendants, acting in concert and within the scope of their authority and under color of state law, maliciously caused a criminal prosecution to be initiated against Plaintiff, without probable cause, as a result of which Plaintiff was deprived of his liberty in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and said criminal prosecution terminated favorably to Plaintiff.

62. Plaintiff asserts this claim against defendant VEGA, defendant RIZZO, the DOE defendants, and the ROE defendants.

## FOURTH CLAIM FOR RELIEF

### (42 U.S.C. § Malicious Abuse of Process)

63. Plaintiff repeats and realleges paragraphs 1 through 62 as if fully set forth herein.

64. Defendants VEGA, RIZZO, the DOE defendants, and the ROE defendants, acting in concert and within the scope of their authority and under color of state law, maliciously used legal process, in the form of a criminal prosecution against Plaintiff, with the intent to harm Plaintiff and without legal excuse or justification, for a collateral purpose outside of the legitimate ends of justice, namely to conceal their own wrongdoing in unlawfully assaulting and beating Plaintiff, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

65. Plaintiff asserts this claim against defendant VEGA, defendant RIZZO, the DOE defendants, and the ROE defendants.

## FIFTH CLAIM FOR RELIEF

**(42 U.S.C. § 1983 *Monell* claim against Municipal Defendants)**

66. Plaintiff repeats and realleges paragraphs 1 through 65 as if set forth fully herein.

67. At all times material to this complaint, Defendant CITY OF NEW YORK, acting through Mayor Michael Bloomberg, Police Commissioner Raymond Kelly, and the NYPD, adopted, instituted, and maintained *de facto* policies, practices, and customs exhibiting complete indifference to the constitutional rights of citizens.

68. These *de facto* policies, practices, and customs include: (a) the failure to properly screen, supervise, discipline, transfer, counsel and/or otherwise control police officers engaged in the excessive and unjustified use of force, particularly those officers who are repeatedly accused of such acts; (b) the failure to properly train and supervise police officers to avoid the use of punitive, cruel and excessive force; and (c) the police officer "code of silence" wherein police officers regularly cover up police use of excessive and unjustified force by telling false and incomplete stories, or by failing to report the use of excessive and unjustified force by other police officers.

69. These *de facto* policies, practices, and customs are a direct and proximate cause of the conduct alleged herein and a direct and proximate cause of the injuries sustained by Plaintiff.

70. Defendant CITY OF NEW YORK did negligently hire, train, and supervise the individual defendants, VEGA, RIZZO, the DOE defendants, and the ROE defendants, who participated, directly and indirectly, in the assault and unlawful arrest of Plaintiff on May 28, 2010, and who were unfit for the performance of police duties on that day.

71. Defendant CITY OF NEW YORK knew of the need for additional screening, training, supervision, and disciplining of police officers to refrain from making arrests or instigating prosecutions in bad faith and without probable cause; refrain from using excessive force in effecting

arrests; refrain from abusing their authority; and refrain from falsifying evidence or giving false testimony.

72. Through intentional and deliberate indifference, the CITY OF NEW YORK failed to adequately provide for screening, training, supervising, and disciplining of police officers with respect to the above mentioned issues. This type of intentional misconduct and deliberate indifference is evidenced by decisions of the courts of the State of New York finding that the NYPD and its employees engaged in various acts of misconduct including but not limited to the falsification of evidence, withholding evidence of innocence, giving false testimony, and generally failing to act in a reasonable, professional and honest capacity. These decisions include but are not limited to:

*People v. Bermudez*, 2009 WL 382327 (Sup. Ct., NY Co. 2009)

*People v. Hidalgo*, Ind. Nos. 674/91 & 12833/91 (Sup. Ct., N.Y. Cty. Oct. 19, 2005)

*Riddick v. City of New York*, 4 A.D.3d 242 (1st Dept. 2004)

*Bonefant v. Kelly*, 306 A.D.2d 108 (1st Dept. 2003)

*Wagner v. Kerik*, 298 A.D.2d 322 (1st Dept. 2002)

*Seligson v. Kerik*, 295 A.D. 2d 262 (1st Dept. 2002)

*Foy v. Safir*, 277 A.D. 2d 169 (1st Dept. 2000)

*Titone v. Safir*, 277 A.D. 2d 161 (1st Dept. 2000)

*Castro v. Safir*, 277 A.D. 2d 123 (1st Dept. 2000)

*Mieles v. Safir*, 272 A.D. 199 (1st Dept. 2000)

*Sannuti v. Safir*, 261 A.D.2d 153 (1st Dept. 1999)

*Brovakos v. Bratton*, 254 A.D. 2d 32 (1st Dept. 1998)

*Ranalli v. Safir*, 250 A.D. 2d 507 (1st Dept. 1998)

*Vasquez v. Safir*, 250 A.D. 2d 448 (1st Dept. 1998)

*People v. Kenrick*, 162 Misc.2d 75 (Crim. Ct., N.Y. Co. 1994)

*Hickey v. Ward*, 161 A.D. 495 (1st Dept. 1990)

73. Upon information and belief, police officers have not been disciplined by the Defendant CITY OF NEW YORK or NYPD for their misconduct, despite repeated judicial findings that NYPD police officers engaged in misconduct. Such failure to respond to, and take corrective action with respect to, wrongdoing by members of the NYPD constitutes deliberate indifference toward the constitutional rights of the people with whom police come into contact, and such action, or inaction, constitutes a practice, pattern and custom of engaging in police misconduct including, but not limited to giving false testimony and making arrests and instigating criminal prosecutions without probable cause.

74. By virtue of the judicial decisions referred to above, and other information and court decisions, the NYPD and the CITY OF NEW YORK knew that the need for adequate screening, training, supervising, and disciplining of its employees was, and is, compelling because of the course of action of those police personnel, including officers VEGA and RIZZO, and the other NYPD defendants, to abuse their authority and make arrests without probable cause and with deliberate and total disregard for the truth and for the constitutional rights of the people they are supposed to serve and protect.

75. But for the CITY OF NEW YORK's deliberate indifference in failing to adequately provide screening, training, supervision, and discipline of police officers and its affirmative acts, the innocent Plaintiff would not have been assaulted, beaten, and wrongly arrested and prosecuted.

76. The aforesaid conduct operated to deprive Plaintiff of well-established rights

under the Fourth and Fourteenth Amendments to the United States Constitution and the rights established by the Constitution of the State of New York, including Plaintiff's right to be free from bad-faith prosecutions, and his right to freedom from the deprivation of liberty without due process of law.

77. These violations of Plaintiff's Constitutional rights were directly and proximately caused by Defendant CITY OF NEW YORK's deliberate indifference to the Constitutional rights of persons coming into contact with the NYPD.

78. With respect to all of the wrongful actions and omissions alleged above, Defendant CITY OF NEW YORK knew to a moral certainty that its employees would confront such situations, that adequate screening, training, equipment, supervision, and discipline would have made the CITY's employees' choices less difficult, and there is a clear history of employees mishandling such situations, and that wrong choices by the defendant CITY's employees frequently result in deprivations of citizens' Constitutional rights.

79. The violations of Plaintiff's Constitutional rights as stated above comprised Constitutional torts and were affected by actions undertaken under color of law of the State of New York.

80. By reason of the foregoing, Defendant CITY OF NEW YORK is liable to Plaintiff pursuant to 42 U.S.C. § 1983 for damages in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF

**(False Arrest and False Imprisonment Under New York Common Law)**

81. Plaintiff repeats and realleges paragraphs 1 through 80 as if set forth fully herein.

82. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants, acting in concert and within the scope of their authority, falsely arrested and imprisoned Plaintiff,

intentionally, with Plaintiff's knowledge and without his consent, and without probable cause, a warrant, or any legal right or authority to do so.

83. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants were at all times employees acting within the scope of their employment by Defendant CITY OF NEW YORK, which is therefore responsible for their conduct.

84. Plaintiff asserts this claim against all defendants.

## SEVENTH CLAIM FOR RELIEF

### (Malicious Prosecution Under New York Common Law)

85. Plaintiff repeats and realleges paragraphs 1 through 84 as if set forth fully herein.

86. The acts of defendants VEGA, RIZZO, the DOE defendants and the ROE defendants, constitute malicious prosecution under the laws of the State of New York. Defendants caused criminal proceedings to be brought against Plaintiff, without probable cause and with malice, and the proceedings terminated in Plaintiff's favor.

87. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants were at all times employees acting within the scope of their employment by defendant CITY OF NEW YORK, which is therefore responsible for their conduct.

88. Plaintiff asserts this claim against all defendants.

## EIGHTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress Under New York Common Law)

89. Plaintiff repeats and realleges paragraphs 1 through 88 as if set forth fully herein.

90. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants, acting in concert and within the scope of their authority, engaged in outrageous and extreme conduct, utterly

intolerable in a civilized society, and thereby intentionally caused extreme emotional distress to Plaintiff.

91. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants were at all times employees acting within the scope of their employment by defendant CITY OF NEW YORK, which is therefore responsible for their conduct.

92. Plaintiff asserts this claim against all defendants.

## NINTH CLAIM FOR RELIEF

### (Excessive Force Under New York Common Law)

93. Plaintiff repeats and realleges paragraphs 1 through 92 as if set forth fully herein.

94. The acts and conduct of defendants VEGA, RIZZO, the DOE defendants and the ROE defendants constituted excessive force upon the Plaintiff, in that they used objectively unreasonable force in effecting Plaintiff's arrest.

95. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants were at all times employees acting within the scope of their employment by defendant CITY OF NEW YORK, which is therefore responsible for their conduct.

96. Plaintiff asserts this claim against all defendants.

## TENTH CLAIM FOR RELIEF

### (Assault Under New York Common Law)

97. Plaintiff repeats and realleges paragraphs 1 through 96 as if set forth fully herein.

98. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants, acting in concert and within the scope of their authority, intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real and apparent ability to cause harmful and/or offensive bodily contact to Plaintiff, did a violent and/or menacing act which threatened such contact to Plaintiff, and

thereby caused Plaintiff to apprehend harmful and/or offensive bodily contact.

99. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants were at all times employees acting within the scope of their employment by defendant CITY OF NEW YORK, which is therefore responsible for their conduct.

100. Plaintiff asserts this claim against all defendants.

## ELEVENTH CLAIM FOR RELIEF

### (Battery Under New York Common Law)

101. Plaintiff repeats and realleges paragraphs 1 through 100 as if set forth fully herein.

102. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants, acting in concert and within the scope of their authority, intentionally, willfully, and maliciously battered Plaintiff, in that they, in a hostile and/or offensive manner, struck Plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to Plaintiff, and caused such battery.

103. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants were at all times employees acting within the scope of their employment by defendant CITY OF NEW YORK, which is therefore responsible for their conduct.

104. Plaintiff asserts this claim against all defendants.

## TWELFTH CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress Under New York Common Law)

105. Plaintiff repeats and realleges paragraphs 1 through 104 as if set forth fully herein.

106. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants, acting in concert and within the scope of their authority, engaged in extreme and outrageous conduct, utterly

intolerable in a civilized society, which negligently caused extreme emotional distress to Plaintiff.

107. Defendants VEGA, RIZZO, the DOE defendants and the ROE defendants were at all times employees acting within the scope of their employment by defendant CITY OF NEW YORK, which is therefore responsible for their conduct.

108. Plaintiff asserts this claim against all defendants.

### THIRTEENTH CLAIM FOR RELIEF

**(Negligent Hiring, Retention, Supervision and Training Under New York Common Law)**

109. Plaintiff repeats and realleges paragraphs 1 through 108 as if set forth fully herein.

110. Defendant CITY OF NEW YORK, through the NYPD, negligently hired, screened, retained, supervised, and trained the individual defendant police officers herein, defendants VEGA, RIZZO, the DOE defendants and the ROE defendants. These individual police officers were unfit for the performance of police duties on May 28, 2010.

111. Plaintiff asserts this claim against the defendant CITY OF NEW YORK.

### JURY DEMAND

112. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against all the defendants:

    a. Compensatory damages in an amount to be determined at trial;

    b. Punitive damages in an amount to be determined at trial;

    c. Reasonable attorneys' fees and costs of this litigation; and

    d. Such other relief as this Court deems just and proper.

Dated:    New York, New York
          May 27, 2011

                                                Respectfully submitted,

                                                _____
                                                GLENN A. GARBER, ESQ.

                                                GLENN A. GARBER, P.C.
                                                *Attorneys for Plaintiff Jesus Ayala*
                                                350 Broadway, Suite 1207
                                                New York, New York 10013
                                                (212) 965-9370